UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DANIELLE L. ABURTO and | ) | |
| CARLOS ABURTO, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:23-CV-375-TLS-JEM |
| | ) | |
| PATRICK THORNTON and | ) | |
| MEADE ELECTRIC COMPANY, INC., | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, and remand a removed action over which the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). Because the Court is unable to determine from the current record whether subject matter jurisdiction exists, the Court issues this opinion and order to address that issue.

**I.    Background**

Plaintiffs Danielle and Carlos Aburto filed this action in the Circuit Court of Lake County, Indiana on October 11, 2023. [DE 4]. The state court complaint alleges that Patrick Thornton ("Thornton") and Meade Electric Company, Inc. ("Meade") are liable for injuries suffered by Plaintiffs as a result of a motor vehicle collision on November 2, 2021. On November 2,2023, Meade removed the state court action to this Court, alleging federal court jurisdiction under the diversity statute, 28 U.S.C. § 1332(a).

1

## II. Analysis

The removal statute states that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The Notice of Removal alleges that this Court has original jurisdiction over Plaintiff's state court complaint under 28 U.S.C. § 1332(a). For the Court to have jurisdiction under § 1332(a), there must be complete diversity, that is, no defendant may be a citizen of the same state as any plaintiff. *See Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997 (complete diversity of citizenship "mean[s] that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen"). In addition, the amount in controversy must exceed $75,000.00 exclusive of interest and costs. *See Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 856 (7th Cir. 2019). The allegations in the Notice of Removal regarding the amount in controversy are not at issue here. Instead, the issue is whether the first requirement of complete diversity is satisfied.

As the party seeking federal jurisdiction, Meade has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, the Court looks to the allegations in the Notice of Removal regarding the complete diversity requirement. The Notice of Removal alleges that

> this action may be removed pursuant to the provisions of 28 U.S.C. 1441 and 1446 because the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, is between citizens of different states as to Plaintiffs and Meade, and Defendant Thornton, a citizen of Indiana, has not been properly served at the time of removal.

[DE 1 ¶ 6]. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Notice of Removal alleges that Meade is incorporated in Illinois and has its principal place of business in Illinois. *See* [DE 1 ¶ 24]. Accordingly, the Notice of Removal alleges facts that support the allegation that Meade is a citizen of Illinois.

The remaining parties to the litigation are individuals, and the citizenship of an individual turns on his or her domicile. The Notice of Removal does not set forth where Plaintiffs are citizens, but the Complaint alleges that Plaintiffs are citizens and residents of Indiana. *See* [DE 4 ¶ ¶ 1, 2].

Beyond this deficiency, the Notice of Removal pleads the citizenship of the individual Defendant, Thornton as Indiana. Indeed, the Notice of Removal argues that the Court can disregard the citizenship of Thornton for purposes of determining jurisdiction on removal because, as of the date on which Meade removed the action, Thornton had not been properly served with the summons and complaint. [DE 1 ¶¶ 4-6]. Meade cites 28 U.S.C. § 1441(b)(2) in support of its argument. That provision states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *Id.* (emphasis added). According to Meade, the italicized language means that if a named in-state defendant is *not* served prior to the filing of the notice of removal, removal based on diversity jurisdiction is proper.

Meade is incorrect that the Court can disregard the citizenship of Thornton for purposes of removal jurisdiction based on § 1441(b)(2). Meade is confusing two distinct inquiries. The first inquiry is jurisdictional: whether original jurisdiction under the diversity statute exists. The second inquiry is statutory: whether a case for which there is diversity jurisdiction is *removable* where one

3

of the defendants is a citizen of the forum (the "forum-defendant rule"). Service is relevant only to the second inquiry; it is not relevant to the first.

### A. The Jurisdictional Inquiry

A civil action is removable on the basis of diversity jurisdiction only if there is complete diversity of the named parties, assessed "both at the time of the original filing in state court *and* at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986))).[1] In *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), the Supreme Court held that this assessment includes all named parties, regardless of service of process:

> [T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a nonseparable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected.

*Id.* at 541.

The *Pullman* Court noted that "[i]t is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." *Id.*; *see also Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (fraudulent joinder exists when a nondiverse defendant is "joined simply to defeat removal, as might be inferred from a demonstration that the claim against that defendant had no possible merit"). Here, it appears Plaintiffs attempted to serve Thornton. Thus, there does

---

[1] Diversity is not destroyed by a party's subsequent change in domicile. *Altom Transp., Inc.*, 823 F.3d at 420 (citing *Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957)).

not appear to be a potential fraudulent joinder argument in the case. Meade is left with the argument that the citizenship of Thornton should be disregarded because they had not been served at the time of removal, and that argument is precluded by *Pullman*. *See, e.g., Campbell v. Electrolux Pro. N. Am.*, No. 21-CV-1423-DWD, 2022 WL 707136, at *2–3 (S.D. Ill. Feb. 11, 2022) (discussing *Pullman* and rejecting as meritless argument that non-service of forum defendant meant its citizenship could be disregarded); *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.,* No. 3:12-md-2385-DRH-SCW, 2013 WL 656822, at *4 (S.D. Ill. Feb. 22, 2013) ("There is no question that the citizenship of all defendants, regardless of service, must be considered in determining whether diversity jurisdiction exists."); *Chappell v. SCA Servs., Inc.*, 540 F. Supp. 1087, 1090 (C.D. Ill. 1982) ("The fact that service has not yet been made on the resident defendant is insufficient to allow his citizenship to be disregarded."); *Armstrong v. Monex Intern., Ltd.*, 413 F. Supp. 567, 570 (N.D. Ill. 1976) (holding that "an unserved defendant in a non-separable controversy cannot be disregarded for purposes of removal").

  **B.**  **The Statutory Inquiry**

  The forum defendant rule set forth in § 1441(b)(2) provides that a case that would otherwise satisfy the requirements for federal diversity jurisdiction, including the requirement of complete diversity between plaintiffs and defendants, is not removable if a *defendant* is a citizen of the forum state. A case that "otherwise satisf[ies] the requirements for federal diversity jurisdiction," but involves a defendant who is a citizen of the forum state, would be a case where the plaintiff is a non-citizen of the forum. In that situation (which is not the current one), the forum defendant rule set out in § 1441(b)(2) disallows federal removal on the theory that "the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*,

5

718 F.3d 660, 665 (7th Cir. 2013). The rule expressly applies, however, only when the forum defendant has been properly joined and served. "The purpose of the joined and served requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 755 (N.D. Ill. 2020) (internal quotation marks and citation omitted).

The Notice of Removal "conflat[es] section 1332's *diversity* requirement with the requirements of *removability* under the forum defendant rule." *In re Pradaxa*, 2013 WL 656822, at *3 (emphasis in original). The forum defendant rule is an additional, statutory limit on removability of a case otherwise within the federal court's original jurisdiction. *See Grandinetti,* 476 F. Supp. 3d at 753 ("[E]ven when diversity jurisdiction applies, the removing party 'must also clear the additional hurdle of ... the forum defendant rule.'" (quoting *Morris,* 718 F.3d at 665)); *see also Hurley v. Motor Coach Indus., Inc*., 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule is nonjurisdictional); *Campbell*, 2022 WL 707136, at *2 (forum-defendant rule "goes to the question of *removability*, and not to determining citizenship so to invoke this Court's diversity jurisdiction" (emphasis in original)); *In re Pradaxa*, 2013 WL 656822, at *4 ("the forum defendant rule is a separate, nonjurisdictional inquiry with its own statutory requirements"). The cases cited by Meade in the Notice of Removal[2] are distinguishable because they involve application of the forum-defendant rule, i.e., in each case, there was no dispute that diversity jurisdiction existed even taking into consideration the citizenship of the unserved defendant(s) and the issue instead was whether removal could be defeated by the fact that one of the named defendants was a citizen of the forum state (an issue that turned on whether that defendant had

---

[2] *See, e.g., Whipkey v. Eli Lilly & Co.,* No. 1:20-CV-00450-SEB-MPB, 2020 WL 3248472, at *1 (S.D. Ind. June 16, 2020); *D.C. by & through Cheatham v. Abbott Lab'ys Inc*., 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018.

6

been properly joined and served). The issue here is not determining removability where diversity jurisdiction has been shown to otherwise exist, but determining diversity jurisdiction in the first instance. In other words, *Pullman,* and not § 1441(b)(2), applies.

The Notice of Removal does not plausibly allege that the complete diversity requirement is satisfied. Instead, it appears to contain allegations which defeat diversity.

### III. Conclusion

Given the importance of determining the Court's jurisdiction to hear this case, Meade, as the removing party, must sufficiently allege facts from which this Court may determine its jurisdiction, as outlined above. Accordingly, the Court **ORDERS** Meade to **FILE**, on or before **November 17, 2023**, a supplemental jurisdictional statement that properly alleges federal diversity jurisdiction. If Meade is unable to properly allege diversity jurisdiction, it may file an agreed motion to remand to state court.

So ORDERED this 3rd day of November, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: counsel of record